**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OKLAHOMA**

| | |
|---|---|
| **I.P.I.C., GSP, S.L.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CV-0510-CVE-PJC |
| ) | |
| **RUHRPUMPEN, INC., and** ) | |
| **CORPORACIÓN EG de S.A. de C.V.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

This matter comes on for consideration of Defendant Ruhrpumpen, Inc.'s (RPI) Combined Motion to Dismiss Amended Complaint and Brief in Support (Dkt. # 23), pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] RPI argues that plaintiff has failed to cure deficiencies in its first complaint[2] and, accordingly, has failed to allege sufficient facts to state a claim upon which relief may be granted.

**I.**

Defendant RPI is a United States subsidiary of Corp EG, a corporation organized in Mexico. Dkt. # 21, at 1. RPI is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Id. RPI develops and manufactures industrial pumps for distribution in North America

---

[1] To date, there is no return of service filed for defendant Corporación EG S.A. de C.V. (Corp EG). However, plaintiff represents that process has been served on the Mexican consulate, and return of service is expected shortly. Dkt. # 27.

[2] Plaintiff argues that leave to file an amended complaint is tacit approval of the sufficiency of the supplemental factual allegations. Dkt. # 25, at 2. Plaintiff is not correct; leave to amend allows plaintiff to attempt to provide additional factual allegations against RPI. The Court did not give its approval, tacit or otherwise, of the sufficiency of the claims contained in the proposed amended complaint, nor did the Court state that the proposed amended complaint would automatically survive a motion to dismiss.

and export to other countries. Id. Corp EG, a Mexican corporation, is a global supplier of industrial pumps for "refineries, petrochemical plants and other industrial applications." Id. at 2. Corp EG is also allegedly the parent company of Ruhrpumpen GmbH, a German corporation, and Ruhrpumpen S.A. de Mexico. Id. at 2-3. Plaintiff alleges that Cesar A. Elizondo Garza and his family owned a controlling interest in Corp EG, including Ruhrpumpen GmbH and RPI. Id. at 4. Plaintiff, I.P.I.C. GSP, S.L. (IPIC), is a Spanish corporation with its principal place of business in Alicante, Spain. Id. at 1.

Beginning in or about February 1997, IPIC worked as a "non-exclusive sales representative" in Spain for Ruhrpumpen GmbH. Id. at 3. On or about June 1, 2002, IPIC entered into a Representative Agreement (the 2002 Agreement) with Ruhrpumpen GmbH in which IPIC was appointed as the exclusive sales agent for Ruhrpumpen GmbH in Spain. Id. at 3. Pursuant to the 2002 Agreement, IPIC was to solicit sales contracts and procure orders for Ruhrpumpen products throughout the region. Id. IPIC was to receive a commission of 7.5% for new pumps, 2.5% for accessories, and 10% for spare parts. Id. Plaintiff alleges that, shortly after signing the 2002 Agreement and despite the fact that its contract was with Ruhrpumpen GmbH, it was directed to communicate with the Ruhrpumpen office in London with respect to all purchase orders generated from Spanish customers. Id. at 4. Plaintiff further alleges that the London office was "affiliated" with RPI rather than Ruhrpumpen GmbH. Id.

In 2003, IPIC learned that Petroleos Mexicanos was preparing to issue a tender for a construction project in Minatitlan, Veracruz, Mexico (the Minatitlan Project). Id. at 5. At the time, IPIC was in communication with two Spanish contractors, Dragados Industrial (Dragados) and Tecnicas Reunidas (Tecnicas), regarding their needs for upcoming construction projects. Id. In

2004, after learning that Dragados and Tecnicas intended to bid on the Minatitlan Project, IPIC began promoting the Ruhrpumpen products to both companies. Id. While IPIC initially communicated with the London office with respect to the Minatitlan Project, it was eventually directed to forward customer inquiries to Marcelo A. Elizondo, brother of Cesar A. Elizondo Garza. Id. Elizondo's business card read, "Marcelo A. Elizondo, Ruhrpumpen, Inc." and listed RPI's Tulsa address, along with RPI's Tulsa phone number, facsimile, and website. Id. IPIC communicated with Elizondo and "RPI's sales manager" in connection with the Minatitlan Project, including providing updates on the status of the bids and coordinating a meeting in Madrid between Tecnicas and RPI. Id. at 6. IPIC also made calls to and received calls from Elizondo in his office in Tulsa. Id.

On May 5, 2005, Elizondo sent IPIC a letter stating that any purchase orders received in connection with the Minatitlan Project would be filled, not by Ruhrpumpen GmbH, but by Corp EG using pumps manufactured by other Corp EG subsidiaries.[3] Id. Elizondo stated that Corp EG "holds the exclusive rights to nominate sales representatives for all the Ruhrpumpen companies in our family of companies." Id. Elizondo informed IPIC that he would withhold all related commission payments pertaining to the 2002 Agreement on the grounds that it covered only products manufactured by Ruhrpumpen GmbH. Id. However, in light of IPIC's work to secure orders from Dragados and Tecnicas on the Minatitlan Project, Elizondo agreed to pay IPIC a 1.5% commission

---

[3]   RPI has previously filed a copy of this letter, Dkt. # 12-2, and now wishes to incorporate it by reference herein. Dkt. # 23. Generally, matters outside the pleadings may not be considered on a Rule 12(b)(6) motion. See Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007). However, a district court may consider a document referred to in the complaint which is central to the plaintiff's claim, without converting the motion to one under Federal Rule of Civil Procedure 56. Id.

for new equipment and systems manufactured in connections with the Minatitlan Project. Id. at 7. Plaintiff alleges that, after it received the letter from Elizondo, Elizondo communicated with it orally and via e-mail, and stated that Corp EG and its subsidiaries would not complete a bid with Dragados and Tecnicas for the Minatitlan Project unless IPIC agreed to accept the reduced commission. Id. According to plaintiff, this demand for IPIC to accept a reduced commission was received hours before the bids were due. Id. IPIC agreed to the reduced commission and signed and returned the new agreement (the 2005 Agreement). Id. IPIC continued to work with Dragados and Tecnicas and both companies ultimately placed orders with Corp EG, RPI, and/or one of the other Corp EG affiliates for pumps to be used on the Minatitlan Project. Id. at 8. Plaintiff alleges that, "upon information and belief," the Minatitlan Project was "largely supervised and managed by Elizondo," and some of the pumps for this order were "designed or manufactured with assistance from [RPI] in its facilities in Tulsa, Oklahoma." Id.

In June 2005, IPIC received notification from Ruhrpumpen GmbH that it was terminating the 2002 Agreement, effective September 30, 2005. Id. According to IPIC, other sales agents in Spain began to solicit contacts for Ruhrpumpen, despite the fact that the 2002 Agreement was to remain in effect until the end of September 2005. Id. IPIC requested payment of outstanding commissions, but those commissions were not paid. Id.

## II.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated

a claim upon which relief may be granted. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

In its amended complaint, plaintiff sets forth two claims against RPI: quantum meruit and unjust enrichment.

**A.     Quantum Meruit**

"Quantum meruit is applied where a plaintiff renders valuable services benefiting a defendant under circumstances where the defendant was reasonably notified the plaintiff expected to be paid or where it would be unjust for the defendant to retain the benefit without paying." Sholer v. State ex rel. Dept. of Public Safety, 149 P.3d 1040, 1048 (Okla. 2006) (citations omitted). Plaintiff alleges that it "rendered valuable services to RPI with a reasonable expectation of being

compensated, and that RPI knowingly accepted the benefit of the services."[4]  Dkt. # 25, at 7.  RPI does not address whether IPIC provided services on the Minatitlan Project,[5] but instead contends that it was not reasonably notified that IPIC had an expectation that RPI would pay any commissions for IPIC's work.

To support its claim, plaintiff alleges that Elizondo worked out of the RPI offices in Tulsa and managed the Minatitlan Project from there.  Id.  The amended complaint further alleges that IPIC also communicated with an unnamed "RPI sales manager" with respect to IPIC's work on the Minatitlan Project.  Accordingly, plaintiff suggests that RPI had reasonable notification that IPIC provided services to RPI due to Elizondo's affiliation with RPI.  Accepting the well-pleaded allegations as true, the Court finds that plaintiff has stated a claim for quantum meruit.

**B.   Unjust Enrichment**

Under Oklahoma law, unjust enrichment "describes a condition resulting from the failure of a party to make restitution in circumstances where it is inequitable." Lapkin v. Garland Bloodworth, Inc., 23 P.3d 958 (Okla. Civ. App. 2000).  "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another."

---

[4] In its amended complaint, plaintiff alleges that it is owed commissions for the work it performed for RPI by "developing potential customers and soliciting orders for Ruhrpumpen GmbH and the other Ruhrpumpen entities, with knowledge that the sales orders were being filled from time to time by entities other than Ruhrpumpen GmbH."  Dkt. # 21, at 3-4.  To the extent IPIC makes general allegations that it provided services to RPI, these general allegations are not relevant to the specific claim for quantum meruit; plaintiff's allegations with respect to the Minatitlan Project are relevant.

[5] RPI concedes that the amended complaint "contains allegations of direct contacts between Plaintiff and Defendant regarding the Minatitlan Project."  Dkt. # 23, at 2.

N.C. Corff Partnership, Ltd. v. OXY USA, Inc., 929 P.2d 288, 295 (Okla. Civ. App. 1996). See also Clay v. Independent School Dist. No. 1 of Tulsa Cty., 935 P.2d 294, 301 n. 11 (Okla. 1997); French Energy Inc. v. Alexander, 818 P.2d 1234, 1237 (Okla. 1991).

RPI argues that IPIC failed to allege that it had a reasonable expectation that it would receive payment from RPI. However, while reasonable expectation of payment is relevant to quantum meruit, it is not an element of unjust enrichment under Oklahoma law. As noted above, the amended complaint contains allegations that Elizondo managed the Minatitlan Project from RPI's offices in Tulsa. If true, benefits resulting from IPIC's work were conferred upon RPI. RPI may have thus retained a benefit to which it was not entitled. Accordingly, plaintiff has stated a claim for unjust enrichment upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Defendant Ruhrpumpen, Inc.'s Combined Motion to Dismiss Amended Complaint and Brief in Support (Dkt. # 23) is **denied**.

**DATED** this 24th day of February, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT